## STATE v. TRAMMELL.

1. HOMICIDE—SELF-PRODUCED NECESSITY—SELF-DEFENCE.—Where a stranger goes into the kitchen of a restaurant against the protest of the proprietor, and by his language and manner there provokes a difficulty with one of the waiters, whom he then and there kills, the plea of self-defence is unavailing on his trial for murder, whatever other subsequent facts there were which would sustain the plea if the homicide had been committed by the defendant when not the aggressor.

2. IBID—IBID.—RETREAT.—And in such a case as this, the law required the defendant to retreat when dangerously assaulted by this waiter.

Before NORTON, J., Greenville, July, 1893.

The opinion sufficiently states the case.

*Messrs. Earle & Mooney,* for appellant.

*Mr. Ansel,* solicitor, contra.

February 13, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. On the 22d day of December, 1892, in the city of Greenville, in this State, J. Luther Trammell gave an order to the proprietor of a restaurant for his supper. When seated in the dining room of such restaurant, Eugene Robinson, who was the sole waiter in such dining room, brought to the said Trammell his supper. The latter, upon discovering that one of the articles of food he had ordered was not supplied, said to the waiter, "This is not what I ordered;" to which Robinson, the waiter, replied, "You are blamed hard to please;" to which Trammell replied, "I don't want to take any insults from a damned negro," immediately leaving the dining room. He complained to the proprietor, Mr. Legon, who promised to send him his supper over at the Windsor Hotel. Becoming very much engaged with his other

customers, Mr. Legon neglected to send the supper over to the hotel. Some time afterwards, fifteen or twenty minutes, Trammell returned to the restaurant, and said, "I am going back to see about my supper;" to which remark Mr. Legon, the proprietor said, "Luther [Mr. Trammell], for God's sake, don't have any trouble here in my place; I have had trouble enough." Although Mr. Trammell said he would not, he still went through the dining room, through the pantry, and into the kitchen of the restaurant. Mr. Legon, the proprietor, caught him by the right arm. When they entered the kitchen, the defendant, Trammell, said, cursing Robinson, the waiter, "You have insulted me;" to which Robinson replied, "I beg your pardon." Trammell was much excited. Mr. Legon not only had hold of his arm, but also stood between him and the waiter, and said, "Luther, he has begged your pardon; now come on and let us go out." Trammell did not do so, but still cursed the negro. Finally he drew his pistol, and emptied the contents of two barrels of the pistol into the body of Eugene Robinson, the waiter, causing his instant death, claiming as his justification that said Eugene was advancing upon him with a large carving knife.

At the July term, 1893, of the Court of General Sessions for Greenville County, the defendant, Trammell, was tried upon an indictment for murder before Judge Norton and a jury. He was convicted of manslaughter, and sentenced to four years imprisonment in the State Penitentiary. He now appeals to this court upon two grounds, substantially as follows: 1st. Because the Circuit Judge erred in charging the jury, "That if the defendant did go into that room, and did provoke the difficulty by his language and manner in that room, then the plea of self-defence would be gone, although the other elements of self-defence would be present in the case; and if you find that, you need not consider the other elements of self-defence." 2d. Because his honor erred in charging the jury as follows: "Now, gentlemen, I desire to correct the theory of the law which the last counsel who addressed you for the defence says in his theory of the law—that a man is not bound to retreat. Our books are full of law on that subject. Our law does require that a man should retreat."

We are not impressed with these grounds of appeal as furnishing sufficient reasons for the reversal of the judgment of the court below. In the first place, it was not error, under the circumstances testified to in this case, for the Circuit Judge to charge the jury as is complained of in the first ground of appeal. Clearly one of the foundation rocks upon which the plea of self-defence must be bottomed is that it was *necessary* for the accused to take the life of his fellow-man to protect his own, or to protect him from serious bodily harm. *State* v. *Wyse*, 33 S. C., 594; *State* v. *Merriman*, 34 S. C., 40. In the case at bar, every witness, on both sides, who saw the difficulty, testified that the waiter was where his duty called him to be; while, *per contra*, the accused was forcing himself into a place that the proprietor besought him not to go. Not only so, but such proprietor actually caught his arm and placed himself in the way of the accused, so as to prevent his coming in collision with the colored waiter. And after the waiter had apologized, the proprietor again urged the accused to leave. Under these circumstances, the charge of the presiding judge was exactly in line with his duty on such an occasion. It is high time that the shedding of human blood within the limits of this commonwealth should meet with a firm and stern upholding of the principles of the law of self-defence, when such defence is relied upon.

In the second place, the Circuit Judge was right in stating that, under the laws of this State, if it was necessary to retreat, to avoid shedding human blood, retreat should be made. Of course, this relates to the class of cases under consideration here. There are cases, however, when no retreat is demanded by the law. For instance, the honor of one's family, when in peril by the evil-minded, permits nothing save action, and no step backward is tolerated.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.